# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-05-00157-CR
---

**Manuel Luna Torrez, Appellant**

**v.**

**The State of Texas, Appellee**

---
### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 55606, HONORABLE JOE CARROLL, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Manuel Luna Torrez guilty of capital murder. *See* Tex. Pen. Code Ann. § 19.03 (West Supp. 2005). The State did not seek the death penalty, and the court assessed the mandatory punishment of life imprisonment. Appellant's only point of error is that the evidence is factually insufficient to sustain the jury's verdict. We will affirm.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal

sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). In a legal sufficiency review, all the evidence is considered in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Because appellant makes only a factual sufficiency challenge, he implicitly concedes that the evidence is legally sufficient to support the guilty verdict. *See Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely filed).

In a factual sufficiency review, due deference must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, and the reviewing court may disagree with the result only to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to warrant a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

In December 2002, appellant was living in an apartment with his wife, Sara Torrez, and their three daughters, the youngest of whom was eleven-month-old Betty Sierra Torrez. Also sharing the apartment was Sara's father, Maynard Phillips. Shortly before midnight on December 7, police and emergency medical personnel were dispatched to the apartment complex in response

2

to a 911 call. They found Betty, Sara, and appellant in a neighbor's apartment. The child was covered in bruises. She was not breathing and had no pulse. Efforts to revive her at the scene and at the hospital were unavailing. The medical testimony reflects that Betty Torrez's death was the result of blunt force injuries that led to massive internal bleeding.

Sara Torrez testified that she and the two older children left the apartment between 9:00 and 10:00 p.m. to do laundry at a friend's residence, leaving Betty, who was uninjured at that time, in the care of Sara's father, Phillips. Appellant was also at the apartment, but he was resting after working all day. Shortly after 11:00, Sara received a telephone call from appellant, who told her to hurry home because the baby was not breathing. Sara rushed back to the apartment, where she found appellant and Betty in the living room. She noticed the child's bruises. She picked Betty up and ran outside. A neighbor who heard the commotion performed CPR while help was summoned. The neighbor also noticed the bruises, and she testified that Betty's abdomen was distended as if it had "exploded."

Phillips was eighty years old and frail, with heart disease and emphysema. He testified that after his daughter left to do the laundry, he and Betty laid down together on a mattress in his bedroom and went to sleep. The baby had a crib, but did not sleep in it. Phillips said that he was awakened by appellant, who was walking from the other bedroom and holding Betty in his arms. Appellant was crying and said that something was wrong with the child. Appellant carried the child to the living room and attempted to revive her before leaving to call Sara. Phillips said that he did not notice any bruising on Betty, but he saw that she was not breathing. Phillips testified that he never heard the child cry.

3

Appellant initially told Sara that he did not know what had happened to the baby. As they were driving to the hospital, appellant told Sara that Phillips had brought Betty to him, saying that she was not breathing. At the hospital, appellant told a nurse that Betty had fallen out of bed. Later that night, a friend asked appellant what had happened. Appellant shook his head, and then he said that the baby had crawled into the room and "everything happened so fast. And the baby had stopped breathing."

Appellant argues that the State failed to prove beyond a reasonable doubt that he, rather than Phillips, inflicted the fatal injuries to Betty Torrez. He notes that both he and Phillips were at the apartment at the time the child was injured. Appellant concedes that Phillips was elderly and in poor health, but he points out that the evidence shows that Phillips was capable of caring for the children, and that he regularly did so.

Phillips testified and, by their verdict, the jury obviously found him to be credible. Moreover, the jury was able to see Phillips in the courtroom and compare him physically with appellant. The jury also heard the testimony describing appellant's sketchy and inconsistent statements concerning what happened that night. On this record, we have no basis for second-guessing the jury's determination that appellant inflicted the blows that resulted in Betty Torrez's death. Considered by itself, the evidence supporting the jury's verdict is not too weak to support the finding of guilt beyond a reasonable doubt. The evidence supporting appellant's proffered alternative hypothesis, that Phillips caused the child's injuries, is not so strong as to render the jury's verdict manifestly unjust.

The point of error is overruled and the judgment of conviction is affirmed.


_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   August 11, 2006

Do Not Publish